✓ FILED ___ LODGED
___ RECEIVED ___ COPY

2016 JAN 27  P 2: 08

U.S. DISTRICT COURT
DISTRICT OF ARIZONA

CKJ
(LAB)

1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona
   MATTHEW G. ELTRINGHAM
3  BRIAN R. DECKER
   Arizona State Bar No. 027449
4  Assistant U.S. Attorneys
   United States Courthouse
5  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
6  Telephone: 520-620-7300
   matthew.eltringham@usdoj.gov
7  brian.decker@usdoj.gov
   JAMES M. TRUSTY
8  Chief, Organized Crime and Gang Section
   U.S. Dept. of Justice
9  REBECCA A. STATON
   Trial Attorney
10 1301 New York Ave. N.W.
   Washington, D.C. 20005
11 Telephone: 202-514-9871
   rebecca.staton@usdoj.gov
12 Attorneys for Plaintiff

CR 16- 184 TUC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America, | CR |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| vs. | Violations: |
| 1. Anwar Armando Barragan-Flores a.k.a. Anuar Armando Barragan-Flores (All Counts), | 18 U.S.C. §1349 (Conspiracy to Commit Bank Fraud) Count 1 |
| [REDACTED] | 18 U.S.C. §1344 (Bank Fraud) Counts 2–16 |
| | 18 U.S.C. §1028A (Aggravated Identity Theft) Counts 17–27 |
| | 18 U.S.C. §1029(a)(4) (Possession of Device-Making Equipment) Count 28 |
| /// | 18 U.S.C. §1029(a)(3) (Possession of Fifteen or More Access Devices) Count 29 |

|   |   |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓<br><br>Defendants. | 18 U.S.C. §§982(a)(2)(A), 982(a)(2)(B), 1028(b)(5), 1029(c)(1)(C) and 28 U.S.C. §2461(c)<br>(Forfeiture Allegation)<br><br>**UNDER SEAL** |

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>
Conspiracy to Commit Bank Fraud
18 U.S.C. § 1349

1. On dates known and unknown to the Grand Jury, occurring as early as Summer 2013, and continuing through and including May 26, 2015, in the District of Arizona, throughout the United States, and elsewhere, the defendants, ANWAR ARMANDO BARRAGAN-FLORES, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the Grand Jury, knowingly and intentionally conspired to commit Bank Fraud in violation of Title 18, United States Code, Section 1344, that is, the defendants conspired to devise a scheme and artifice to (a) defraud various financial institutions, the deposits for which were at that time insured by the Federal Deposit Insurance Corporation or National Credit Union Insurance Fund; and (b) to obtain the monies or other property owned by or under the custody or control of such federally insured financial institutions by means of material false or fraudulent pretenses, representations, or promises.

2. *Object of the Conspiracy:* It was the object of the conspiracy that the defendants, with persons known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud federally insured financial institutions, would and did unlawfully enrich themselves by knowingly and willfully making material false and fraudulent pretenses and representations and by unlawfully obtaining personal

identification information, including credit card information, and fraudulently using the information to unlawfully obtain items of value.

3. *Manner and Means of the Conspiracy, and Scheme to Defraud*: The manner and means by which the defendants and other co-conspirators known and unknown to the Grand Jury sought to accomplish the objects of the conspiracy included, among others, the following:

    a. That the defendants and others known and unknown to the Grand Jury would, from individuals known and unknown outside of the United States and from individuals located in Russia, Ukraine, Tajikistan, and other countries, unlawfully buy and share via the Internet stolen personal identification information, credit card account information, and other financial information.

    b. That the defendants and others known and unknown to the Grand Jury would use the stolen personal identification information and stolen credit card account information to unlawfully manufacture fraudulent credit cards.

    c. That the defendants and others known and unknown to the Grand Jury would take shopping trips originating in Mexico and traveling into the United States to use the unlawfully manufactured fraudulent credit cards to unlawfully purchase items of value, including merchandise and gift cards from retailers in the Tucson, Arizona area as well as other areas throughout Arizona and elsewhere in the United States.

    d. That the defendants and others known and unknown to the Grand Jury would use the WhatsApp messaging application and Gmail email to communicate amongst themselves and co-conspirators about the stolen credit card information, the manufacturing of counterfeit credit cards, and the specific times, places, and methods of the use of the counterfeit credit cards to purchase merchandise and gift cards.

    e. That both the fraudulent credit cards and the charges to them would be made without the knowledge or consent of the issuing bank or true account holder.

    f. That after purchasing merchandise and gift cards from retailers in the United States, the defendants and others known and unknown to the Grand Jury would

transport the unlawfully purchased goods and gift cards to Mexico for future sale and profit for the defendants.

4. During the time period of the conspiracy, the defendants' fraudulent conduct caused losses to federally insured financial institutions.

All in violation of Title 18 United States Code, Section 1349.

## COUNTS 2-16
## Bank Fraud
## 18 U.S.C. § 1344

5. On or about the dates set forth below, in the District of Arizona, the defendants, as named below, aiding one another and persons known and unknown to the Grand Jury, knowingly and intentionally and with the intent to defraud, executed and attempted to execute a scheme and artifice to defraud various financial institutions the deposits which were at that time insured by the Federal Deposit Insurance Corporation or National Credit Union Insurance Fund and to obtain, by means of material false and fraudulent pretenses and representations, money and funds owned by and under the custody and control of such federally insured financial institutions.

6. The scheme and artifice that the defendants and other coconspirators known and unknown to the Grand Jury executed and attempted to execute against the financial institutions included, but was not limited to, the purchase of illegally obtained credit card information for the production and fraudulent use of those credit card accounts. The scheme and artifice to defraud are more fully set forth in paragraph 3; which the government incorporates by reference, in its entirety.

7. The defendants engaged in the following credit card transactions, each transaction being a separate count of this Indictment:

| Ct. | Date (approx.) | Defendant(s) | Financial institution | Account holder and last four of account no. | Purchase amount |
|---|---|---|---|---|---|
| 2 | 4/24/14 | ANWAR ARMANDO BARRAGAN-FLORES | SchoolsFirst Federal Credit | M.L. 4816 | $133.87 (Attempted) |

| | | | | | |
|---|---|---|---|---|---|
| | | | Union | | |
| 3 | 4/24/14 | ANWAR ARMANDO BARRAGAN-FLORES | BMO Harris Bank | J.E.W. 9932 | $133.87 (Attempted) |
| 4 | 4/24/14 | ANWAR ARMANDO BARRAGAN-FLORES | Wells Fargo | C.D.L. 4212 | $133.87 (Attempted) |
| 5 | 6/21/14 | ANWAR ARMANDO BARRAGAN-FLORES | Wells Fargo | D.M. 2571 | $544.37 |
| 6 | 6/21/14 | ANWAR ARMANDO BARRAGAN-FLORES | Wells Fargo | A.J.M. 2379 | $647.70 |
| 7 | 6/27/14 | ANWAR ARMANDO BARRAGAN-FLORES | USAA | H.M. 9541 | $723.07 |
| 8 | 6/29/14 | ANWAR ARMANDO BARRAGAN-FLORES | USAA | R.V. 8650 | $673.65 |
| 9 | 6/29/14 | ANWAR ARMANDO BARRAGAN-FLORES | Randolph Brooks Federal Credit Union | M.S.Y. 4346 | $574.23 |
| 10 | 7/5/14 | ANWAR ARMANDO BARRAGAN-FLORES | Capital One | J.G. 0067 | $643.39 |

| | | | | | |
|---|---|---|---|---|---|
| 11 | 7/6/14–7/7/14 | ANWAR ARMANDO BARRAGAN-FLORES | US Bank | D.H.L. 6012 | $1285.62 |
| 12 | 7/16/14 | ANWAR ARMANDO BARRAGAN-FLORES | Mid-Florida Credit Union | G.R. 3238 | $230.78 (Attempted) |
| 13 | 7/30/14 | ANWAR ARMANDO BARRAGAN-FLORES | Partners Federal Credit Union | L.M.T. 6687 | $700.74 |
| 14 | 8/1/14–8/2/14 | ANWAR ARMANDO BARRAGAN-FLORES | Digital Federal Credit Union | A.R. 5931 | $2828.11 |
| 15 | 9/9/14–9/10/14 | ANWAR ARMANDO BARRAGAN-FLORES | Capital One | D.M.A. 2526 | $2824.09 |
| 16 | 9/15/14 | ANWAR ARMANDO BARRAGAN-FLORES | Nordstrom Federal Savings Bank | P.L.B. 3621 | $483.91 |

All in violation of Title 18, United States Code, Sections 1344(1) and (2).

## COUNTS 17–27
### Aggravated Identity Theft
### 18 U.S.C. § 1028A

8. On or about the dates set forth below, in the District of Arizona, the defendants as named below, aiding one another and persons known and unknown, knowingly and with the intent to defraud, possessed and used, without lawful authority, a means of identification of another person, to wit, name, address, and credit card number, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person, by engaging in the following instances of possession and use of means of identification, each such instance being a separate count of this Indictment:

| Ct. | Date (approx.) | Defendant(s) | Means of identification of | During and in relation to Bank Fraud as alleged in Count |
|---|---|---|---|---|
| 17 | 6/21/14 | ANWAR ARMANDO BARRAGAN-FLORES | D.M. | 5 |
| 18 | 6/21/14 | ANWAR ARMANDO BARRAGAN-FLORES | A.J.M. | 6 |
| 19 | 6/27/14 | ANWAR ARMANDO BARRAGAN-FLORES | H.M. | 7 |
| 20 | 6/29/14 | ANWAR ARMANDO BARRAGAN-FLORES | R.V. | 8 |
| 21 | 6/29/14 | ANWAR ARMANDO BARRAGAN-FLORES | M.S.Y. | 9 |
| 22 | 7/5/14 | ANWAR ARMANDO BARRAGAN-FLORES | J.G. | 10 |

*United States of America v. Anwar Armando Barragan-Flores, et. al.*
Indictment Page 7 of 11

| | | | | |
|---|---|---|---|---|
| | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | | |
| 23 | 7/6/14–7/7/14 | ANWAR ARMANDO BARRAGAN-FLORES | D.H.L. | 11 |
| | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | | |
| 24 | 7/30/14 | ANWAR ARMANDO BARRAGAN-FLORES | L.M.T. | 13 |
| | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | | |
| 25 | 8/1/14–8/2/14 | ANWAR ARMANDO BARRAGAN-FLORES | A.R. | 14 |
| | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | | |
| 26 | 9/9/14–9/10/14 | ANWAR ARMANDO BARRAGAN-FLORES | D.M.A. | 15 |
| | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | | |
| 27 | 9/15/14 | ANWAR ARMANDO BARRAGAN-FLORES | P.L.B. | 16 |
| | | ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | | |

All in violation of Title 18, United States Code, Section 1028A(a)(1), (b), and (c)(2).

## COUNT 28
### Possession of Device-Making Equipment
### 18 U.S.C. § 1029(a)(4)

9. From in or about June 2014 through in or about August 2014, in the District of Arizona, defendants ANWAR ARMANDO BARRAGAN-FLORES ▆▆ ▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, knowingly and with intent to defraud, had control and custody over and possessed any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device, to wit, a credit card printing machine, said control and custody and possession affecting interstate and foreign commerce, in that defendants ANWAR ARMANDO BARRAGAN-FLORES and

1 ██████████████████████████████ used the equipment to manufacture fraudulent credit cards containing account information relating to account holders and financial institutions both inside and outside of the District of Arizona.

All in violation of Title 18, United States Code, Sections 1029(a)(4) and (c)(1)(a)(ii).

## COUNT 29
(Possession of Fifteen or More Counterfeit or Unauthorized Access Devices)
18 U.S.C. §1029(a)(3)

10. From in or about June 2014 through in or about August 2014, in the District of Arizona, ANWAR ARMANDO BARRAGAN-FLORES ██ ██ █████ ██████████, knowingly and with the intent to defraud, possessed approximately 5,684 counterfeit access devices, that is, unauthorized and counterfeit credit cards that were stolen, obtained with intent to defraud, and then altered to bear fraudulent names, said possession affecting interstate and foreign commerce, in that ANWAR ARMANDO BARRAGAN-FLORES caused the access devices to be moved from Mexico into the United States where ████████████████████████ input the information and manufactured the fraudulent credit cards which contained account information relating to account holders and financial institutions both inside and outside of the District of Arizona.

All in violation of Title 18, United States Code, sections 1029(a)(3) and (c)(1)(A)(i).

## FORFEITURE ALLEGATION

Upon conviction of the offenses as set forth in Counts One through Sixteen of this Indictment, the defendants, ANWAR ARMANDO BARRAGAN-FLORES, ███ ████ ██████ ████ █████ █████ ████ █████ █████ ███ █████ █████ ████████████████████████ shall forfeit to the United States of America, pursuant to:

(A) Title 18, United States Code, Section 982(a)(2)(A), all right, title, and interest in any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of the said violations; and

(B) A sum of money equal to the amount of proceeds obtained as a result of the offenses, including but not limited to $412,934.65.

Upon conviction of the offenses as set forth in Counts Seventeen through Twenty-Seven of this Indictment, the defendants, ANWAR ARMANDO BARRAGAN-FLORES, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ shall forfeit to the United States of America pursuant to:

(A) Title 18, United States Code, Sections 982(a)(2)(B) all right, title, and interest in any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the said violations; and

(B) Title 18, United States Code, Section 1028(b)(5) all right, title, and interest in any personal property used, or intended to be used, to commit said violations; and

(C) A sum of money equal to the amount of proceeds obtained as a result of the offenses, including but not limited to $412,934.65.

Upon conviction of the offense as set forth in Count Twenty-Eight and Twenty-Nine of this Indictment, the defendants, ANWAR ARMANDO BARRAGAN-FLORES ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ shall forfeit to the United States of America pursuant to:

(A) Title 18, United States Code, Section 982(a)(2)(B) all right, title, and interest in any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the said violation;

(B) Title 18, United States Code, Section 1029(c)(1)(C), all right, title and interest in any personal property used, or intended to be used, to commit said violation; and

(C)   A sum of money equal to the amount of proceeds obtained as a result of the offenses, including but not limited to $412,934.65.

If any of the forfeitable property, as a result of any act or omission of the defendants: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendants.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(A), 982(a)(2)(B), 1028(b)(5), 1029(c)(1)(C), and Title 28, United States Code, Section 2461(c)..

A TRUE BILL

/S/

Presiding Juror

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/

Assistant U.S. Attorney

Dated: January 27, 2016

JAMES M. TRUSTY
Chief, Organized Crime and Gang Section
Department of Justice

/S/

Trial Attorney

REDACTED FOR PUBLIC DISCLOSURE