*Law Office of*
**GEORGE H. SOLTERO**
State Bar No. 012362
6281 N. Oracle Road № 37092
Tucson, Arizona 85740
(520) 405-4906
*gsoltero@solterolaw.com*
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States Of America,** | **CR 16-0184-TUC-RM (LAB)** |
| **Plaintiff,** | |
| v. | **HEARING MEMORANDUM TO THE COURT ON PROVABLE CLAIM AND "ACTUAL LOSS" IN RESTITUTION** |
| **Jorge Antonio Williams-Araiza** | |
| **Defendant.** | |

  Defendant Jorge Antonio Williams-Araiza, through counsel, respectfully submits the following Hearing Memorandum to the Court on Provable Claim and "Actual Loss" in Restitution.

  Co-counsel J. Bert Vargas, on behalf of Javier Ramirez-Villegas, and Co-counsel Jesus Romo Vejar, on behalf of Anwar Barragan-Flores, join in this Hearing Memorandum as to law set out, but not in the analysis as it pertains specifically to Williams-Araiza.

  On February 15, 2018, a Restitution Hearing was conducted by this court. The Government produced a Summary Chart setting out the fraud various financial institutions could recognize. The court gave the parties five days to submit a Hearing

1

Memorandum addressing the following issue: ***Can the court issue an order of Restitution where the victims have not requested reimbursement?***

The Mandatory Victims Restitution Act does not allow a court to issue a reinstitution order to an unidentified victim, who has not requested a specific amount for a provable actual loss, 18 USC 6343, 6343A, and 6364.

**BACKGROUND FACTS:**

The Mandatory Victims Restitution Act requires the Probation Officer (not the Government) to contact and identify victims, and also demonstrate that they suffered a provable "actual loss" for which they are claiming restitution. The Presentence Report indicates that their victim advocate attempted to contact 1,800 possible victims (PSR paragraph 18); the first step in a restitution analysis as required by statute. The Presentence Report did not indicate how many of the 1,800 people responded to the victim advocate. The Presentence Report did set out there were fifty-four possible victims of Williams-Araiza's conduct; eleven banks and forty- three individuals (PSR paragraph 15). The PSR did not indicate how many, if any, of the fifty-four potential victims responded to the victim advocate. PSR at paragraph 19 concludes that "loss for each victim remains unknown." As not a single victim responded to the Probation department's attempts to contact victims, the PSR advised the court that a restitution hearing should be set 90-days in the future (PSR paragraph 19).

Starting from these reference points, this court must now examine if any of Williams-Araiza's fifty-four potential victims discussed in the PSR have a provable "actual loss." A person can be the victim of identity theft, but not have an actual loss. The PSR does not distinguish between a potential victim, and an

2

actual victim who has a provable claim of actual loss as required by the Mandatory Victims Restitution Act.  Nor does the PSR set out any victim who may have already been made whole by other means.

Only those who can establish they actually lost money have an "actual loss." The Mandatory Victims Restitution Act requires that identified victims establish the provable dollar amount of their loss.  If a person has a charge on their credit card and the credit card company voids the charge because of identity theft, then the card-holder has not suffered an "actual pecuniary loss."

In the same way, if a credit card company's fraud department is advised by a card-holder that there is a fraudulent use of the card and the company immediately voids the charge, then the credit card company <u>may</u>, or may not, have an actual loss. The credit card company is required to establish through reliable means the amount they actually paid the vendor (minus any discount generally factored between the amount of the charge and what the card company actually pays the vendor). It is also well known that financial institutions insure against credit card fraud with large secondary insurers like American International Group (AIG). The company pools those losses, then is reimbursed by their insurer.  Further, when a financial institution has incurred a loss, they will then claim that amount of loss against profits, thereby mitigating the actual loss. The problem is, an "actual loss" to the credit card company may be much less than the amount of potential fraud recognized.

This court's paramount concern must not be focused with potential fraud as identified by the Government at the Restitution hearing, but only with "Identifiable victims" who have borne a provable "actual loss." The process as set out in the Mandatory Victims Restitution Act necessarily involves several steps and is not

simply satisfied by submitting a summary chart to the court adding up the cumulative amount of potential fraud.

**LAW**

**PROXIMATE CAUSE:**

Williams-Araiza respectively asks the court to limit his obligation to the provable claims for which he is the proximate cause of the actual loss. The court has discretion as to whether it should find defendants jointly and severally responsible in restitution, or apportion the restitution. 18 U.S.C. 3664 (h); United States v. Booth, 309 F.3d 566 (9th Cir. 2002). However, pursuant to the Mandatory Victims Restitution Act, restitution can only be awarded for losses for which the defendant's conduct was the actual and proximate cause. United States v. Kennedy, 643 F.3d 1251(9th Cir. 2011) (See also, United States v. May, 706 F.3d 1209(9th Cir. 2013), the defendant's conduct must be the proximate cause of the specific loss.)  The government must show that the defendant's conduct proximately caused the loss for which restitution is awarded and it did so in an exact amount. United States v. Tsosie, 639 F.3d 1213(9th Cir. 2011)

Williams-Araiza (along with Ramirez-Villegas) is identified in PSR paragraph 12, as a "shopper." He did not participate in manufacturing the cards, or the scheme to acquire the information.  Williams-Araiza should not be held responsible in restitution for losses attributable to other, more centrally culpable defendants.  United States v. Lloyd, 807 F.3d 1128 (9th Cir. 2015)

//
//
//

**PROOF OF LOSS:**

At the restitution hearing conducted on February 15, 2018, not a single victim was identified by the Probation Officer as required by statute. The Government did compile and produce a summary chart of fraud identified by financial institutions. The Government's Exhibits were admitted over strong objections by all co-defendants. A summary chart (Exhibit 5) based on hearsay and lacking proper foundation should not have been admitted by the court. More important, the summary chart produced by the Government does not show any provable "actual loss" by any victim.

Pursuant to the Mandatory Victims Restitution Act, the correct measure of loss in restitution is the victim's actual loss. United States v. Fu Sheng Kuo, 620 F.3d 1158(9th Cir. 2010) The victim may not recover more than their actual loss. United States v. Rizk, 660 F.3d 1125(9th Cir. 2011) General financial information will not support a claim for loss. United States v. Brock-Davis, 504 F.3d 991 (9th Cir. 2007)

Evidence supporting a restitution order must be specific and reliable. Summary and conclusory affidavits from victims does not reliably establish the amount of restitution. United States v. Waknine, 543 F.3d 546,557(9th Cir. 2008), (The analysis in Waknine from pages 555-59 is the law of the circuit on proof of restitution claims by affidavits), (See also United States v. Kennedy, 643 F.3d 1251 (9th Cir. 2011), a three step-method of examining a restitution claim is set out in a meticulous opinion by Judge Ikuta). Even a spreadsheet claiming restitution, but lacking a specific explanation of loss, is not sufficient. United States v. Tsosie at 122-23(9thCir.2011).

In this case, not a single claim for restitution has been presented from any identifiable victim. Identifying fraud is not proof of "actual loss." Further, there is not any reliable proofs of "actual loss" that has been presented to this court through the Probation Officer as required by statute, or boot-strapped into the record by the Government.

**CONCLUSION**

In the restitution hearing conducted by this court on February 15, 2018, the government compiled, produced and submitted a summary chart of fraud identified by various financial institutions. However, the Mandatory Victims Restitution Act concerns itself with identifying victims, and provable "actual loss." The Mandatory Victims Restitution Act only allows restitution to be ordered when there is an identifiable victim who has incurred a provable actual loss.

Ordering restitution without identifying victims and demonstrating provable actual loss would violate the Mandatory Victims Restitution Act and the Defendants' Due Process rights guaranteed under the Sixth Amendment to the United States Constitution.

**ANSWER:**

As neither the Probation Officer, nor the Government has identified any victim who has incurred a provable actual loss -- not even a single request to be made whole -- pursuant to the Mandatory Victims Restitution Act, restitution cannot be ordered by this court.

//

//

Case 4:16-cr-00184-RM-LAB   Document 248   Filed 02/23/18   Page 7 of 7

**RESPECTFULLY SUBMITTED:** February 23, 2018.

*/s/ George H. Soltero*
**GEORGE H. SOLTERO**
Attorney for Williams-Araiza